IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Mr. Taylor Hall<br>9810 La View Circle<br>Roswell, GA 30075<br>United States<br><br>　　　　Plaintiff<br><br>　　v.<br><br>The Honorable Christine E. Wormuth<br>Secretary of the Army<br>US Army<br>101 Army Pentagon<br>Washington, DC 20310-0101<br><br>　　　　Defendant | Case No.:<br><br>COMPLAINT FOR VACATING OF UNLAWFUL AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURE ACT |

**COMPLAINT FOR VACATING OF UNLAWFUL AGENCY DECISION UNDER THE ADMINISTRATIVE PROCEDURE ACT**

　　　　Plaintiff, Taylor Hall ("Plaintiff"), was just one week shy of graduation from the United States Military Academy ("USMA") and barely three months out of a serious wrist surgery when he failed an Army Physical Fitness Test ("APFT") when he reinjured his wrist. This failure, caused by an injury completely out of his control, was used as a reason by his superiors in his company to force his dismissal from the USMA. Even worse, the USMA even seriously considered *recoupment* against a dedicated cadet who had been separated for something completely out of his control. Thankfully, wiser, and significantly more empathetic heads prevailed. Yet, he was still denied his diploma.

Following his 2017 application to the Army Board for the Correction of Military Records ("ABCMR"), the ABCMR recommended on September 17th, 2020, that Plaintiff be granted his diploma on the grounds of injustice. Yet, the Deputy Assistant Secretary of the Army, Alexander Conyers ("DASA Conyers"), apparently disagreed. In a perfunctory decision, which completely ignored the arguments raised by Plaintiff, which hard formed the basis for the ABCMR's decision, DASA Conyers made the final decision to deny relief. Plaintiff now comes before this Court to correct this manifest injustice. He requests that this Court overturn DASA Conyers' decision as arbitrary and capricious, for failing to address any of his substantive arguments, and also requests that this Court find that injustice was clearly present in the record. Based on this, he requests that this Court order the Army to grant him his diploma, or, in the alternative, hold that the failure to grant him his diploma was arbitrary and capricious.

## I. JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331, as this is a civil action arising under the laws of the United States, namely the Administrative Procedure Act.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(e)(1) and 5 U.S.C. § 703.

## II. THE PARTIES

3. Plaintiff Mr. Taylor Hall ("Plaintiff") is a former United States Military Academy cadet.

4. Defendant, the Honorable Christine Wormuth, is being named in her official capacity as the Secretary of the Army, which oversees the Army Board for the Correction of Military Records.

## III. STATEMENT OF THE FACTS

**Plaintiff joins the United States Military Academy but suffers from recurrent injuries and psychological wounds due to those injuries; he is separated one week prior to graduation due to an injury causing him to fail an APFT.**

5. When Plaintiff was able to follow in the footsteps of his ancestors by entering the USMA in 2008, it was a dream come true.

6. Over the course of his first two years, he maintained a B average, earned a Challenge Coin for being the best new cadet in his platoon, and played on the JV football team. Exhibit 1, Cadet Admin Data Sheet dated July 19th, 2016.

7. He only received six demerits over the course of this period, and was described as trustworthy, ethical, and responsible. Exhibit 2, CFT Peer Evaluations.

8. In the Fall of 2010, Plaintiff changed companies from his previous company, and also transitioned, becoming a student coach for the USMA football team, due to recurrent shoulder injuries.

9. These injuries caused the resurgence of his previous problems with PTSD, which had been cause by a severe lower leg fracture in high school. Exhibit 3, Letter of Support of Dr. Stacey Pappas.

10. Plaintiff's academic performance began to dip due to his physical and psychological injuries, with him earning a 2.44 GPA that semester, though remaining above the required 2.0. Exhibit 1.

11. Plaintiff's psychological injuries would soon be greatly worsened by his toxic Training, Advising, and Counseling (TAC) Officer, Major Wertz.

12. Both of Plaintiff's grandfathers passed away within one month of each other during the Spring 2011 semester.

13. Before he left to attend their funerals, Major Wertz gave him a face-to-face counseling session where he told Plaintiff that he was not "officer material" and that Major Wertz was going to seek to have him separated from the USMA.

14. These events caused Plaintiff to become badly depressed, and he failed three classes and an APFT as a result.

15. Even worse, it was determined later on in the semester that Plaintiff needed reconstructive surgery on his shoulder.

16. Due to these physical and psychological wounds, Plaintiff was granted a six month leave of absence at the end of the Spring 2011 semester to recover and rehabilitate from the surgery.

17. It is customary, when a cadet returns from a leave of absence, for the cadet to be permitted to change companies. Exhibit 4, Letter of Support of Col. Mark McKearn (stating that he was "very surprised that Cadet Hall was not scrambled or at a minimum offered the opportunity to scramble when he returned to West Point in January 2012...This is a normal practice within the Brigade Tactical Department.")

18. When Plaintiff returned to the USMA for the Spring 2012 semester, he was denied this established procedure, and instead he remained under the toxic leadership of Major Wertz.

19. But Plaintiff rebounded strongly during his Spring 2012 semester, despite being continually singled out and punished for minor infractions by Major Wertz, passing three APFTs to make up for those he missed while rehabilitating and returning to his B average GPA. Exhibit 1; Exhibit 5, Cadet Personal Record Profile dated May 22nd, 2013.

20. This earned him a leadership position in his Regimental Command Team as the Regimental A/S3 (Assistant Operations Officer) for the Fall 2012 Semester.

21. During a combatives class in October, however, he unfortunately injured his wrist, with USMA doctors determining that he had a torn left Triangular Fibrocartilage Complex (TFCC) and a spiral fracture of the left Ulnar Styloid.

22. He once again required surgery, which was performed on January 24th, 2013, and which doctors told him required three months to recover from.

23. Three months later, while Plaintiff was no longer on a physical profile, he had not fully healed.

24. His leadership encouraged him to take an APFT one week prior to graduation, to make up for those he missed.

25. This was not the first time that USMA leadership had ignored Plaintiff's recovery timelines, as Major Wertz had sought to have Plaintiff separated for failing APFTs in the Spring of 2011, despite Plaintiff suffering from recurrent shoulder injuries at the time, which would soon require intensive surgery. Exhibit 6, Memorandum dated April 22, 2011.

26. During this APFT, on May 2nd, 2013, he reinjured his wrist, resulting in him failing the test.

27. The NCO who was giving the APFT even stated that he knew that Plaintiff had been in pain due to his wrist injury during the test. Exhibit 7, Counseling Form dated May 2nd, 2013.

28. This reinjury persists to this day and still causes him pain.

29. However, the counseling statement by the NCO clearly showed that the NCO believed Plaintiff would be allowed the opportunity to retake the APFT in the summer, after he had finished healing, thereby allowing him to graduate then. Exhibit 7.

30. However, this APFT failure due to injury resulted in him failing his Military Development Class, and, soon after, he was informed that he was being separated from the USMA for not

completing his military leadership requirements, despite having sufficient credits and a sufficiently high GPA to graduate. Exhibit 8, Department of the Army Form 4856 dated May 21st, 2013.

31. His leadership's drive to separate him was also despite the fact that USMA medical professionals had determined that Plaintiff should be processed through a Medical Evaluation Board for a determination as to whether he should be discharged due to disability, a process which would have allowed him to potentially earn his diploma on the way out. Exhibit 3, Letter of Support of Dr. Stacey Pappas.

32. His leadership quickly separated him, preventing him from being put before that process. Exhibit 8.

33. Plaintiff was separated on May 21st, 2013, barely three weeks after the APFT, for failing the military leadership course due to his injury during the APFT. Exhibit 8.

34. To add salt to Plaintiff's wound, a recoupment investigation against him was begun on August 8th. Exhibit 9, Recoupment Investigation Memo dated August 8, 2013.

35. Recoupment for, it must be reiterated to the court, *a separation caused by an injury completely outside of Plaintiff's control*.

36. Inexplicably, the investigating officer, Major Tom Koppen, determined that the sin of being injured through no fault of ones own merited reimbursement of the USMA in the amount of $226,400. Exhibit 10, Recoupment Recommendation Memo dated November 21, 2013.

37. Thankfully significantly wiser and more empathetic heads prevailed, and the Superintendant, Lt. General Robert Caslen, went against Major Koppen's findings and recommended no recoupment, on the grounds that the failure was not caused by willful act or omission. *Id.*

38. On the grounds of Plaintiff's strong service record, and the nature of his medical condition and separation from the USMA, Lt. Gen. Caslen found that recoupment would be against "equity and good conscience and would be contrary to the best interests of the United States." *Id.*

39. Plaintiff was separated from the Army with an Honorable characterization of service on February 10th, 2014. Exhibit 11, DD214 of Mr. Taylor Hall.

**Plaintiff applies to the ABCMR; the ABCMR recommends the granting of his diploma, but DASA Conyers overturns this recommendation without addressing Plaintiff's arguments.**

40. Plaintiff applied to the ABCMR in 2017, in docket number AR20170007214.

41. He argued that the denial of his diploma had been an injustice on the following grounds:

    a. He had not been offered the opportunity to have a rehabilitative change of command upon his return from medical leave, and that his retention under the toxic command of Major Wertz significantly harmed his chances of graduating with his class;

    b. His company leadership had not adhered to the rehabilitation timelines set out by Plaintiff's doctors;

    c. The Academic Board had unjustly recommended separation despite his strong education and leadership records (this included the fact that the rushed nature of Plaintiff's separation meant that the Board never had the opportunity to review the letters of support Plaintiff received, including from the head coach of the USMA football team, the former head of the Department of Geography and Environmental Engineering, his former Brigade Tactical Officer, his history professor, the mother of a fellow cadet, and a former Secretary of the Army);

    d. That recoupment had been waived on the explicit grounds that his failure to pass the APFT was not a willful act or omission; and

    e. The USMA had not followed its own regulations regarding Plaintiff's recommended Medical Evaluation Board, which would have allowed him to receive his diploma after being discharged on the grounds of medical disability.

42. On September 20th, 2020, the ABCMR recommended that Plaintiff be granted his diploma on the grounds of injustice, primarily based on Plaintiff having been denied the opportunity to transfer companies on return from his leave of absence, which would have permitted him to escape from Major Wertz toxic command. Exhibit 12, ABCMR Recommendation in AR20170007214 dated September 17th, 2020 at 4.

43. But in a decision dated April 12th, 2021, DASA Conyers deviated from the ABCMR's recommendation and instead ruled that Plaintiff did not merit his diploma because he had failed to complete his requirements in his required academic, military, and physical programs. Exhibit 13, Final Decision by Deputy Assistant Secretary of the Army Conyers in AR20170007214 dated April 12th, 2021.

44. DASA Conyers completely failed to address, or to explain why he was not addressing, any of Plaintiff's arguments in his decision. *Id.*

**ARGUMENT**

I.    **The Deputy Assistant Secretary of the Army's decision to overturn the ABCMR's recommendation that Plaintiff be granted his diploma was arbitrary and capricious,**

> **as it failed to address, or explain why it was not addressing, the arguments raised within Plaintiff's application.**

45. The Administrative Procedure Act holds as unlawful all agency decisions which are not in accordance with law, or are arbitrary and capricious, and requires that they be set aside. 5 U.S.C. § 706(2)(A).

46. The decision by the Secretaries of Military Departments to depart from the decision of their respective Boards for the Correction of Military or Naval records are bound by the same standards as those that bound the initial decision by the Boards. *See Fuller v. Winter*, 538 F. Supp. 2d 179, 187-8 (D.D.C. 2008) (vacating the Secretary of the Navy's departure from the BCNR's recommendations as arbitrary and capricious for failing to provide a brief explanation for the reason for the departure).

47. The DASA is required, by regulation, to provide a brief statement stating their grounds for the denial of an application, or the revision of an ABCMR decision. 32 C.F.R. § 581.3.

48. Given that the ABCMR's brief statements are themselves bound by the principle that they must address, or explain why they are not addressing, the prima facie nonfrivolous arguments raised by an applicant, this meant that DASA Conyers was similarly bound by this requirement. *See, Rudo v. Geren*, 818 F. Supp. 2d 17, 26-7 (D.D.C 2011) (vacating ABCMR decision as arbitrary and capricious for failing to address, or explaining why it is not addressing, prima facie nonfrivolous arguments raised by an applicant); *see Fuller*, 538 F. Supp. 2d at 187-8.

49. DASA Conyers' decision completely failed in this requirement, as it instead merely provided a recitation that Plaintiff had failed to complete all academic, military, and physical program requirements, which completely ignored Plaintiff's argument that it had been unjust to deny him his degree on said grounds. Exhibit 13.

50. It cannot be said that Plaintiff's arguments that the denial of his diploma was an injustice were frivolous on their face, given that the ABCMR explicitly recommended relief on such grounds. Exhibit 12 at 4.

51. DASA Conyers' failure to address those arguments, or explain why he was not addressing them, thus rendered his final decision arbitrary and capricious. *See Rudo*, 818 F. Supp. 2d at 26-7; *see Fuller*, 538 F. Supp. 2d at 187-8.

52. It should thus be vacated as unlawful under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

**II.    The Deputy Assistant Secretary of the Army's decision to overturn the ABCMR's recommendation that Plaintiff be granted his diploma was arbitrary and capricious, because injustice was clearly present in the record.**

53. Under *Code v. McCarthy*, 959 F.3d 406, 415 (D.C. Cir. 2020) the failure by a military corrections board to correct an injustice clearly presented in the record is a violation of the board's statutory mandate under 10 U.S.C. § 1552 and must be set aside as arbitrary and capricious.

54. DASA Conyers was bound by the same standard. *See Fuller*, 538 F. Supp. 2d at 187-8.

55. The ABCMR recommended relief on the explicit grounds that injustice had been clearly presented in the record. *See* Exhibit 12 at 4.

56. Beyond everything else, this Court should consider the fundamental absurdity of Plaintiff's dismissal from the USMA: one week before graduation, having barely completed the recovery process from surgery to repair severe injuries to his wrist, he reinjured his wrist and failed an APFT.

57. SFC Pakulak, the NCO who oversaw the APFT, even explicitly stated that he knew Plaintiff had been in pain and that it was this pain, stemming from the reinjury, that caused him to fail the APFT. Exhibit 7.

58. How is denying a cadet his diploma, only one week before he was set to graduate, for an injury *completely out of his control*, not an incredibly blatant injustice?

59. The matters only get worse when you consider everything else surrounding his APFT failure.

60. The reasons for why Plaintiff had been rushed back into the APFT stemmed from having been denied the opportunity to leave a toxic command climate, with superiors within his company seeking all possible opportunities to force him out.

61. As found by the ABCMR, this was a deep injustice, as it was customary for cadets to have a rehabilitative change of command when returning from a leave of absence. Exhibit 12 at 4; *see* Exhibit 4.

62. In short, the record clearly showed that Plaintiff was a dedicated cadet, who persevered through not only repeated and severe injuries, but also through the psychological stress associated with those injuries and the toxic command climate he was in.

63. Despite the adversity he faced, he ensured that he was academically qualified to graduate.

64. Instead, the same superiors which had been trying to force him out of the USMA seized on the opportunity presented by an APFT failure caused by Plaintiff reinjuring his wrist to seek to force him out of the USMA, only one week prior to graduation.

65. In addition, Plaintiff had also been denied the opportunity to earn his diploma following the recommended, and required by USMA regulation, Medical Evaluation Board for his physical and psychological injuries. Exhibit 3.

66. Dr. Stacey Pappas, who had treated Plaintiff while serving as a medical professional for the USMA from 2008 to 2013, stated that Plaintiff met the criteria for an MEB referral under Army regulation and that his command should have referred him to an MEB instead of separating him. *Id.*

67. While Superintendents had different positions as to whether a medically discharged cadet should be permitted to graduate, Plaintiff was denied even the chance for this decision because of the breach of Army regulation by his superiors. *See id.*

68. Even in the case that the Superintendent at the time that Plaintiff's MEB and PEB (which determines whether the service member is fit for service) determined that Plaintiff should not be allowed to graduate because he couldn't commission, this would have been as clear a source of injustice as Plaintiff's separation without his diploma.

69. In what reasonable world is denying a diploma to a cadet who was eligible for graduation, but unable to commission due to injuries suffered while serving their country as a cadet, anything but a gross injustice?

70. In short, injustice has been more than clearly presented within the record, rendering the DASA Conyers' overturning of the ABCMR's recommendation that Plaintiff be granted his diploma arbitrary and capricious. *See Code*, 959 F.3d at 415; *see Fuller*, 538 F. Supp. 2d at 187-8.

**<u>Conclusion</u>**

WHEREFORE, the Plaintiff humbly requests that this Court issue an order:

    (a)    Vacating the Deputy Assistant Secretary of the Army's decision in AR20170007214 as arbitrary and capricious;

    (b)    Holding that the Deputy Assistant Secretary of the Army's decision not to grant Plaintiff his diploma was arbitrary and capricious, on the grounds that injustice was clearly present in the record;

    (c)    Reinstating the ABCMR's recommendation that Plaintiff be awarded his diploma from the United States Military Academy;

    (d)    Ordering the Army to grant Plaintiff his diploma from the United States Military Academy;

    (e)    Granting all such other relief that the Court finds necessary and proper.

Plaintiff also signals his intent to file for attorney's fees and costs under the Equal Access to Justice Act.

Dated: May 20th, 2022          Respectfully submitted,

*/s/DavidP.Sheldon*

David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
100 M. St. SE, Suite 600
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135
*Attorney for Petitioner*